Good morning, Your Honors. Ira Bibro from Brown George Ross on behalf of Plaintiff and Appellant Great River Foods. Before I begin, I just want to say I want to reserve a couple minutes for rebuttal, and I also want to apologize to any Vietnamese speakers for mispronouncing any of the Vietnamese words at issues here. There's two questions, as I see it, in this appeal. One of them is, did Kim Seng violate the injunction? And the other one is, does latches bar Great River's recovery on its motion for contempt? Now, the answer to the questions, I believe, the first one is yes, and the second one is no. As far as the first question, did Kim Seng violate the injunction, let's start by looking at the purpose of the injunction. The purpose was to protect Great River's use of its trademark, in terms of Vietnamese word I'll mispronounce, quay hong, while protecting, as an exception to the general rule, Kim Seng's use of the, quote, old man quay hong brand mark in conjunction with a graphic of a walking bearded farmer. Now, there's two rulings at issues here. The first ruling is the March 10, 2008 injunction, and that one said, Kim Seng may not use a quay hong in connection with sale of Asian-style foods, except Kim Seng may use its old man mark, but only in conjunction with a graphic bearded farmer. Ten days later, Kim Seng moves to clarify, to alter or amend the judgment. And it specifically asks two things. It says, can we use old man quay hong brand without the graphic? And it asks, can we use that phrase translated into Vietnamese, with or without the graphic? The court answers in August of 2008, and it says, Kim Seng cannot use quay hong except in conjunction with old man quay hong brand, in conjunction with a graphic of a bearded walking farmer, period. Using quay hong with any other modifier would violate the injunction. So in answer to the question, can we use the Vietnamese translation, the court says no. Counsel, just as an informational matter, as long as they use the picture of the old man, can they sell any product? The trademark is for Asian foods. Any kind of Asian food, they can. I believe so. I think it's packaged foods. I don't know if it goes for fresh foods. But I'm not sure of the exact scope. That wasn't an issue in the appeal. No, just for information. Thank you. Okay, so now let's turn to what happened here. A year after the sell-off period, Great River goes into local supermarkets, and it finds that Kim Seng is selling products that, yes, they have this graphic bearded farmer and they have their old man words on it, but they're also using quay hong elsewhere in the package. And that's just going to create confusion for the consumers, because that's a mark that the consumers, according to the jury, has found associated with Great River. Let me ask you a question. One of the complicating factors in this case is that the judge who's now interpreting the order is not the judge who wrote the order. That's correct, yeah. Okay, so I guess she looks at the order and she says, I think it's ambiguous, I guess. You can interpret this a couple of ways. Well, the first judge found that it was not ambiguous. I know, but she's the second judge. And now she says, I can see where you could read it this way. Well, with all due respect to the second judge, I don't think it was ambiguous. I think when the first judge answered the questions and made the clarifications, especially saying responding by not giving permission to use the Vietnamese translation, I think he acquired a lot. What I'm getting at is if it's ambiguous to a U.S. district judge, why couldn't it be ambiguous to the defendant? My hearing isn't very good. I don't understand. I'm saying if a judge thinks it's ambiguous, you know, unless she's hallucinating, but if she's looking at this and says you can read this in a couple of ways, why doesn't the defendant get the benefit of that ambiguity also? It may be ambiguous in some ways, but it was not ambiguous with regard to the question of whether this specific phrase that's used on these packages that were found in 2009 could be used on the packaging. This is what I have a problem with is the motion that was filed sought clarification. And the order says that the motion wanted the court to clarify the allegedly vague injunction. And then you said it very clearly just now in your argument. You said they asked whether they could use the trademark or whether they could only use the trademark that has the old man, and the court said no. Now, that would have been clear, but that's not what the court said. The court didn't just say no. It has to be the actual trademark. He said defendant cannot use plaintiff's cue hung, I can't pronounce Vietnamese, but trademark except in connection with this brand in conjunction with the graphic. So I think adding that last phrase makes it unclear. I mean, the court could have said it much more clearly, right? That's what it intended? The court may have said that more clearly, but you have to keep in mind the contest, Your Honor. Kim Seng asked can we use this specific phrase, the Vietnamese translation, and the court didn't say yes, you may use that. The court said you may not use cue hung in conjunction with any other modifiers. So I think that answered that question and a whole lot more questions. And why doesn't Latches, even if you're right, why doesn't Latches bar your complaint? Latches does not apply because, A, you need to prove unreasonable delay, and, B, you need to prove prejudice. Kim Seng proved neither of them. There was absolutely no evidence of either one. Let's just set aside the unreasonable delay for the moment. Let's look at the prejudice. There was absolutely no evidence of prejudice. This court, in the previous decision and the previous appeal in this case, specifically said here's the kinds of prejudice that we consider in the Latches case. And it said evidentiary prejudice and it said expectations-based prejudice. And the court made a finding, which I think can be written into the decision on this appeal. The finding is Kim Seng has not cited any losses of witnesses or evidence that would constitute evidentiary prejudice. Kim Seng has also failed to show that it suffered expectations-based prejudice. Kim Seng offered no evidence that it invested money in advertising its cue hung mark. And it went on. There's no evidence of that in this case either. And as that one Fifth Circuit case that I cited pointed out, they gave it as a mathematical formula. Latches equals prejudice times delay. Well, if we agree with you, what would you have us do today? What I would have you do today is remand for an accounting and remand for an injunction or remand for perhaps clarifying the injunction if the court thinks that it's unclear, but definitely stating that going forward the practices that have gone on to date shall not continue. Okay. I'll reserve my time. Thank you. 42 seconds. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Ernest Price representing the appellee Kim Seng. Your Honor, we submit that what is going on here is Great River received a poor result at trial. That evidence at trial was the very packaging that they're bringing a contempt citation against us now. At trial, the result was no willful infringement on either of the marks. There was no fraud at trial. There was no false designation of forgery at trial. There was no determination of unfair competition at trial. There was no confusion as to Old Man Khoi Hong gram at trial. At the end of the day, we were found not infringement of Old Man Khoi Hong and no damages were awarded to the plaintiff either on Khoi Hong or Old Man Khoi Hong. The packaging that was submitted as evidence at trial is the very packaging that is at issue now in contempt. So what did the judge prohibit you from doing? The judge prohibited us from using Khoi Hong singly at the time. The special verdict form only talked about two word marks, Khoi Hong and Old Man Khoi Hong. Judge Schiavelli prevented us from using Khoi Hong singly and allowed us to use Old Man Khoi Hong, our registered mark, as it had been used previously for 15 years prior to trial. And that's the words adjacent to the Old Man graphic? Yes, Your Honor. Now are there, did you use those words other than the format of your trademark on these packages? Yes, Your Honor, we did. And that's actually a good point. For 15 years prior to trial, our packages had Old Man Khoi Hong next to the Walking Farmer and also had the Vietnamese translation adjacent to the Walking Farmer. That was actually trial evidence. And so that was our use before trial. It was in trial.  And that's what we did. With the picture? With the picture. But you also used it without the picture? We did prior to trial. There were some uses prior to trial that we used it without the picture. Did you use it without the picture, I mean immediately adjacent to the picture after trial? At that point, that's why we brought the motion.  That's why we brought the motion. Because we weren't sure if we were allowed to use Old Man Khoi Hong without a picture. We did not seek permission for the Vietnamese translation. Our motion to clarify sought clarity as to whether or not we could use it with or without the Walking Farmer because that was on the special verdict form, and we were unclear. The court later said we could use Old Man Khoi Hong but only in conjunction with the Walking Farmer. Therefore, what we did at that point is we adjusted all our inventory. We either relabeled it or we continued to sell the inventory we had, Old Man Khoi Hong, with the Walking Farmer and a Vietnamese translation as we had done. So you interpreted as long as it had the Walking Farmer somewhere on the package. Actually not somewhere. There was a great debate as to that. It had to be in conjunction. And the question is, is conjunction mean somewhere on the package or close to the mark? We interpreted that to be close to the mark. So we always had the Walking Farmer close to our brand. We were brought in contempt based on a packaging design, essentially, that we had been using for 15 years prior to trial and been using after trial. Our interpretation was that we had good faith compliance with the court's order at that time, that there was reasonable interpretation based on the court's order, and because of our reasonable interpretation, we were in full compliance with the court's order. The other side basically feels that we should not have had permission to use the Vietnamese translation and that latches, there was no prejudice shown from latches, and therefore we didn't get the advantage of latches as Judge Cohen later determined. Did you introduce any evidence of sales during that period, September to February? Your Honor, we did not. What we did is we alluded to the pictures in the motion for contempt, and there were a lot of them, that show hundreds of thousands, actually hundreds if not thousands of cases that we had ready to sell at that time and pallets, literally dozens of pallets of inventory. And we argued basically that that was ready to go and that that's what we actually sold for the intervening 18 months. We surmise that Judge Collins saw that, saw that we changed our position, basically what would be considered what's called exceptions-based prejudice, that we altered our position. We had, as plaintiff would even concede, an enormous amount of inventory, and during that 18 months we sold that inventory. And had we known or had someone alerted to us that we were in contempt earlier, we would not have sold that inventory. And that is actually a form of prejudice that would satisfy latches under the Orissa Isotoner case that the court cited, the lower court cited, and also under Dancheck, which the lower court cited, in which case Great River had not distinguished at all in its appellate briefing. This is the second time you folks have been here. Is there some understanding now between the two of you over what you can put on the package that won't continue this thing forever? This is symptomatic that I think we don't have that mutual understanding. We think that we are allowed to do what we've been doing, now literally for 20 years, as to Old Main Khoi Hung. Respectfully, Great River feels that our Vietnamese translation of Old Main Khoi Hung is improper and somehow causes confusion within the relevant market, which is Vietnamese-speaking purchasers. A Vietnamese-speaking purchaser will look at our Vietnamese translation and confuse it with their Mark Khoi Hung. We would respectfully submit that that's just the opposite, that Vietnamese-speaking purchasers who have very little knowledge of English might actually be confused by our English hybrid, Old Main English, Khoi Hung, Vietnamese, Brand English. A Vietnamese speaker may see that and just see Khoi Hung and may think that Khoi Hung is their package. By us putting the Vietnamese translation in, Old Main Khoi Hung Brand, a Vietnamese speaker will realize it's our package, not theirs. So in essence, we think the Vietnamese translation is, I respectfully submit, doing them a favor, distinguishing us from them, which is consistent with the foreign equivalent. I'm just wondering if we could do you a favor and try to bring some finality to this. We'll see you again in about six weeks or whenever. It's our hope that that is not happening. They are competitors in a very niche field, and it's our hope that that does not happen, that we think that this is a last appearance, Your Honor. To sum up, we feel that the lower ruling of the court was correct, that basically the evidence submitted even then indicated no violation of Judge Schiavelli's order, that all usages that were used after September of 2008 indicated Old Main Khoi Hung was actually used near a walking farmer, and the other inventory was relabeled, and that there is no clear and convincing evidence that we violated anything, that in essence we are in material compliance with the order, and therefore we would request that the lower court's order be affirmed. How could the order be clarified even more? Well, Your Honor, that's a good question, and we asked for that in our motion to amend. We wanted clarity on who was actually the prevailing party and our latches at that time, but we also wanted to know whether or not we could continue using our packaging, which was at issue. Judge Schiavelli felt that he was clear enough, and basically he gave us his ruling. I think the only clarity we could get perhaps, if we could ask again, is was our current packaging that was in the marketplace for 15 years prior to trial, Old Main Khoi Hung with the Vietnamese translation, is that acceptable, and can we continue using it? And that was what the jury found non-infringing. Yes, Your Honor. That was in evidence for the jury to consider when they went to the special verdict form and found Old Main not confusing, not likely to confuse, and therefore not infringing. Thank you. Thank you. Mr. Devereux. Your Honors, I just want to respond to a few points. First of all, in response to the Court's questions, my opposing counsel said that it's okay to use this graphic as long as it's anywhere near the words that are on the label, and that's not what the registered trademark was. The registered trademark of Kim Sing is the words Old Main Khoi Hung brand, and it's written in a circle underneath the word, underneath the graphic, and the graphic is a circle. So it's words connected to a mark. And then what the jury found was using Khoi Hung anywhere else on the packaging, or using Khoi Hung on the packaging, is confusing. So when those words are used not in conjunction with the graphic and with the Old Main Khoi Hung brand, then it's confusing to a consumer, and that's what we're trying to stop. I'm sorry, I didn't mean to interrupt you, but what does in conjunction with mean to you? In conjunction means that it's part of a unit, that the words Old Main Khoi Hung brand is used as part of the unit that's shown in the trademark registration. That's part of the record. I don't have the page number in front of me, but I cite it in the brief, and it's part of the record. It shows the circular graphic with the words right underneath that, and I believe that's what the court meant when it said using Old Main Khoi Hung in conjunction. Why didn't the court just say the trademark? I have it right in front of me. This is what you're referring to, right, this trademark? I believe that's it. So why didn't the court just say that, if that's what it meant? I'm not sure exactly why the court said exactly what it said, and perhaps it could have said that clearer, but I think the main point of issue is not do we need absolute clarity on this injunction, but did Kim Tseng do something that they asked the court permission to and permission was not granted? That's the specific thing we've come in on, this motion for contempt, and that's why we think that the court got it wrong. Thank you very much, both counsel. The case just argued is submitted. Good morning, gentlemen. Thank you. Thank you. 10-55864 U.S. Phillips v. KXD Technology at KBC Bank. Each side will have ten minutes.
judges: Fletcher, Silverman, Wardlaw